Filed 3/5/14  P. v. Farnsworth CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES VERDELL FARNSWORTH,<br><br>    Defendant and Appellant. | 2d Crim. No. B250905<br>(Super. Ct. No. CR18917)<br>(Ventura County) |

In 1984, Charles Verdell Farnsworth pled guilty to a charge of vehicular manslaughter (Pen. Code, § 192, subd. (c) [formerly subd. (3)(c)]), and was sentenced to a six-year term in state prison.  That prior conviction was the basis for a sentence enhancement in the State of Washington in 2012.

Farnsworth filed a petition for writ of error *coram nobis*, alleging that his 1984 conviction was invalid because he did not admit a factual basis for the plea and that, without that admission, the plea was not constitutionally valid.  The trial court denied the petition.  It determined that the court, at the time of the plea, found a factual basis, and that Farnsworth was not diligent in filing the petition given the passage of nearly 30 years since his conviction.  The court also denied Farnsworth's subsequent motion for reconsideration.  He appeals from the denial of his reconsideration motion.

We appointed counsel to represent Farnsworth in this appeal.  After examining the record, counsel filed an opening brief raising no issues and requesting that

we independently examine the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On December 6, 2013, we advised Farnsworth that he had 30 days within which to personally submit any contentions or issues he wished to raise on appeal. We have received no response.

The facts underlying Farnsworth's 1984 conviction do not appear in the record. He was charged, inter alia, with unlawfully killing Digna Marie Henket while driving under the influence and passing without sufficient clearance, in violation of Vehicle Code section 21751. (See Pen. Code, § 192, subd. (c).) When Farnsworth pled guilty to that offense, he signed a felony disposition statement admitting the voluntariness of the plea and waiving his constitutional rights. The statement indicated, in paragraph E on page 2, that the factual basis for the plea was the preliminary hearing transcript and police reports. Although Farnsworth did not initial that paragraph, the court specifically found, on page 6, that "[t]here is a factual basis for the plea." The court's minute order similarly reflects that the factual basis for the plea was the preliminary hearing transcript and that the "Court finds factual basis for plea."

Having examined the entire record, we are satisfied that appointed counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                        PERREN, J.
We concur:



        GILBERT, P. J.



        YEGAN, J.


2

James P. Cloninger, Judge

Superior Court County of Ventura
_____

California Appellate Project, Jonathan B. Steiner, Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.